UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| RITA CLEMENT ET AL | * | CIVIL ACTION NO. 2:15-CV-266 |
| | * | |
| v. | * | JUDGE MINALDI |
| | * | |
| STANLEY ACCESS TECHNOLOGIES LLC ET AL | * | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court is a Daubert Motion (Rec. Doc. 35) filed by plaintiffs Rita Clement and Donald Clement (collectively referred to as "Clement"), a Daubert Motion (Rec. Doc. 36) filed by Stanley Access Technologies LLC ("Stanley") and Wal-Mart Stores, Inc. ("Wal-Mart"), a Motion in Limine (Rec. Doc. 37) filed by Defendants, a Motion to Strike (Rec. Doc. 47) filed by Clement, an Opposition to the Motion in Limine (Rec. Doc. 43) filed by Clement, an Opposition to Clement's Daubert Motion (Rec. Doc. 44) filed by Defendants, an Opposition to Defendants' Daubert Motion (Rec. Doc. 49) filed by Clement, an Opposition to the Motion to Strike (Rec. Doc. 53) filed by Defendants, a Reply (Rec. Doc. 54) filed by Defendants, and a Reply (Rec. Doc. 57) filed by Defendants. For the following reasons, Clement's Daubert Motion (Rec. Doc. 35) is **GRANTED IN PART** and **DENIED IN PART**, Defendants' Daubert Motion (Rec. Doc. 36) is **GRANTED**, Defendants' Motion in Limine (Rec. Doc. 37) is **DENIED**, and Clement's Motion to Strike (Rec. Doc. 47) is **DENIED**.

On December 11, 2013, while Ms. Clement was a patron at the Wal-Mart in Sulphur, Louisiana, she was injured by an automatic door system.[1] The court has jurisdiction over this suit pursuant to 28 U.S.C. § 1332.[2]

---

[1] Pet. (Rec. Doc. 2) ¶ 2.

1

## MOTION TO EXCLUDE EXPERT TESTIMONY OF DAVID SITTER

Prior to the admission of expert testimony, a district court must ensure that a proposed expert witness meets the criteria set forth in Rule 702 which governs the admissibility of expert opinion testimony. FED. R. CIV. P. 702; *Roman v. W. Mfg., Inc.*, 691 F.3d 686, 692 (5th Cir. 2012) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993) (additional citations omitted)). Federal Rule of Evidence 702 was amended in 2000 "in response to the Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, which 'charged trial judges with the responsibility of acting as gatekeepers to exclude unreliable expert testimony.'" *Seaman v. Seacor Marine, L.L.C.*, 326 F. App'x 721, 724 (5th Cir. 2009) (citing Advisory Committee Notes to FED. R. EVID. 702 (2000 Amendments) (citing *Daubert*, 509 U.S. 579)). Rule 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702. A trial court has great discretion in making this determination as to both the expert's qualifications as well as to the reliability of the proposed testimony. *Roman*, 691 F.3d at 692 (citing *Whitehouse Hotel Ltd. P'ship v. Comm'r*, 615 F.3d 321, 330 (5th Cir. 2010)).

Defendants' proposed expert witness David Sitter, a Stanley employee, seeks to offer the following opinions:

---

[2] Notice of Removal (Rec. Doc. 1).

(1) that the subject automatic door and all component parts were designed, manufactured, installed, and included the appropriate warning signage per the requirements of ANSI/BHMA A156.10-2005,

(2) that all servicing performed by [Stanley] on the subject automatic door and component parts was done in accordance with the 2011 Standard,

(3) that the subject automatic door and all component parts were operating in a safe condition, as intended, and in compliance with the 2011 Standard, as shown in the surveillance video before and at the time of Ms. Clement's incident,

(4) that there was no defect in the design, manufacture, installation, and servicing of the subject automatic door and all component parts, and

(5) that Ms. Clement's incident was caused by not exercising the proper care when in the presence of an automatic door.[3]

Sitter's opinions are largely based on a surveillance video, although he also reviewed various filings, depositions, witness statements, warranties, service records, manuals, and guidelines. However, Sitter did not examine the subject automated door and sensors because it was replaced on September 17, 2014, and incorporated different sensors than at the time of the incident. Clement argues that (1) Sitter's methodology is flawed by his reliance on facts which cannot be objectively and independently verified, (2) his expert opinions assumes facts that have not and cannot be established at trial, and (3) he did not provide documents he relied on in forming his opinion. Defendants respond that Sitter is qualified to present his opinions based on his review of the surveillance video with time calculations, and his review of the other documents.

There is no dispute that Sitter is qualified on the subject of automatic doors, though Clement argues that Sitter's opinions are self-serving since he is employed by Stanley. The court

---

[3] Report of David J. Sitter (Rec. Doc. 35-3).

3

finds that Sitter's review of the listed materials is sufficient for him to offer opinions one and two. Sitter is free to explain how the automatic doors and sensors generally operate. However, the surveillance video speaks for itself, and Sitter may not offer opinions based on his interpretation of the video. Thus, Sitter may not offer opinions three, four, and five because they unnecessarily encroach on the jury's role as factfinder. To summarize, Sitter may testify as to how automatic doors and sensors of that type generally operate to give the jury a basis for comparison, but not on whether the automatic doors and sensors were operating correctly on the day of the incident, or whether Clement was exercising proper care. Accordingly, Clement's motion is **GRANTED IN PART** and **DENIED IN PART**.

MOTION TO EXCLUDE EXPERT TESTIMONY OF MICHAEL PANISH

Defendants seek to preclude Michael Panish from giving any expert testimony. According to Defendants, Panish testified that (1) he is not certified by the American Association of Automatic Door Manufacturers ("AAADM"), (2) the last time he performed beta testing for services to determine the viability of automatic doors was approximately thirty-five (35) years ago, (3) the last time he serviced automatic doors was roughly fifteen (15) years ago, (4) he is not an expert in warning and/or in safety engineering, (5) he never qualified as an expert in automatic doors in the State of Louisiana, (6) he never inspected the automatic doors in questions, (7) he did not have the automatic door service records when he rendered his report, and (8) he went to an un-accredited college in the recording industry. Defendants conclude that Panish's testimony is based solely on lack of expertise, speculation, and subjective belief.

Clement asserts that Panish testified based on his experience, a review of the applicable standards of the AAADM, and the surveillance video. The heart of Clement's argument, however, appears to be that if Defendants' expert Sitter is allowed to offer expert testimony

4

based on the surveillance video, then Panish should be allowed to testify. As explained above, Sitter will be allowed to discuss the normal operation of those types of automatic doors and sensors, but it will be left to the jury to determine whether the automatic doors and sensors were operating properly based on the surveillance video. Given the lack of Panish's qualifications, the court finds that his expert testimony must be excluded. Thus, Defendant's motion is **GRANTED**.

### MOTION TO EXCLUDE AAADM CERTIFIED INSPECTOR PROGRAM COURSE MATERIALS

Defendants argue that the AAADM Certified Inspector Program course materials are irrelevant and are not admissible under FED. R. EVID. 401, 402, and 403. However, as Clement notes, Defendants' expert witness Sitter reviewed the course materials in formulating his opinions. The court finds that the course materials are relevant and admissible, and thus Defendants' motion is **DENIED**.

### MOTION TO STRIKE MEDICAL CAUSATION

Finally, Clement moves to strike Defendants' pleadings denying medical causation arguing Defendants have not produced any evidence or testimony to contradict Dr. Jonathon Foret's opinion that the medical treatment provided for Ms. Clement's hip fracture is related to the incident. Defendants respond that Clement did not produce an expert report giving the opinions of Dr. Foret to the medical causation of each and every injury sustained. Because the Clement has the burden of proof regarding medical causation, the motion to strike is **DENIED**.

### CONCLUSION

**IT IS ORDERED** that Clement's Daubert Motion (Rec. Doc. 35) is **GRANTED IN PART** and **DENIED IN PART**.

5

**IT IS FURTHER ORDERED** that Sitter may not offer opinions three, four, and five during his testimony, or otherwise testify as to whether the automatic doors and sensors were operating correctly on the day of the incident, or whether Clement was exercising proper care.

**IT IS FURTHER ORDERED** that Defendants' Daubert Motion (Rec. Doc. 36) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine (Rec. Doc. 37) is **DENIED.**

**IT IS FURTHER ORDERED** that Clement's Motion to Strike (Rec. Doc. 47) is **DENIED.**

Lake Charles, Louisiana, this 19 day of August, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE